# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ELDORADO CANYON PROPERTIES,
LLC,**

               **Appellant,**

v.
                               **Case No:  6:13-cv-1827-Orl-28**
                           **Bankr. Ct. Case No: 6:13-bk-5839-CCJ**

**STEPHANIE S. MANTALVANOS,**

               **Appellee.**

---

## ORDER

      Eldorado Canyon Properties, LLC, an interested party in this involuntary Chapter 7 bankruptcy proceeding, appeals the orders of the bankruptcy judge concluding that an automatic stay was not in effect and dismissing the case for lack of jurisdiction and failure to prosecute.[1]   Having considered the issues briefed, I find that the case must be remanded.

## I.    Background

      On May 9, 2013, Petitioner Ruth Aronson filed an involuntary Chapter 7 bankruptcy petition under 11 U.S.C. § 303(b) against Stephanie Mantalvanos ("Debtor").  (Doc. 2 at 1-

---

[1] The standing of Appellant to appeal these orders was not raised by the parties in this case.  Nevertheless, I inquired as to the issue of standing at oral argument on July 30, 2014.  (See Mins., Doc. 21).  Appellant submitted a supplemental brief addressing the issue of third-party standing.  (Doc. 22).  I conclude that Appellant, as a party in interest, had standing to move for the relief requested at the bankruptcy court and to file this appeal.  See Smith v. Atl. S. Bank (In re Smith), 522 F. App'x 760, 765 (11th Cir. 2013) ("[T]he right for a party in interest to be heard in a bankruptcy proceeding, as set out in Chapter 11, also applies in a Chapter 7 case."); see also In re Nardelli, 327 B.R. 488, 490 (Bankr. M.D. Fla. 2005) (noting that courts should construe the term "party in interest" broadly).

2).[2]  Debtor's alleged property included a beneficial interest in a trust that owned real property in Massachusetts ("Property").  (Id. at 3; Emergency Mot. to Determine Stay, Doc. 2-2, at 2).  Eldorado owned a 75% beneficiary interest in the trust, and Debtor owned a 25% beneficiary interest.  (Doc. 2 at 3; Doc. 2-2 at 2).[3]  Debtor was served with the summons and a copy of the involuntary petition on May 21, 2013.  (Certificate of Service, Doc. 2-8, at 1).  However, the proof of service was not filed with the bankruptcy court until September 5, 2013.  (Id.).

At some point[4] a bank initiated an action to foreclose a mortgage secured by the Property, with a foreclosure sale set for September 6, 2013.  (Doc. 2-2 at 2, 6).  After learning of the bankruptcy proceeding, Eldorado filed an emergency motion to ensure that the filing of the bankruptcy petition operated as an automatic stay of the mortgage foreclosure proceeding, including the sale.  (Id. at 3).  The bankruptcy court denied the motion, reasoning that an automatic stay was not in effect because the bankruptcy court had not yet issued an order for relief.  (Order, Doc. 2-3).

Eldorado then filed an emergency motion for rehearing, (Doc. 2-6), and the bankruptcy court held a hearing on that motion on September 5, 2013, the day before the proposed sale of the Property.  (See Notice of Hr'g, Doc. 2-7, at 1).  At the hearing, the bankruptcy judge stated that the case should be dismissed for lack of jurisdiction and lack of prosecution.  (Tr., Doc. 8-1, at 10).  The bankruptcy judge expressed concerns about

---

[2] Citations to the record refer to document numbers in the district court's docket.

[3] Eldorado states that it purchased the 75% interest from William Mantalvanos, Debtor's father.  (Doc. 2-2 at 2).

[4] At oral argument, counsel for Appellant stated that she was unaware of the date of commencement of the foreclosure action.

the case, noting that no proof of service had been filed and that the time for service was set to expire the next day. (Id. at 4, 8). The judge also highlighted the lack of any apparent connection of the bankruptcy case to Florida and concluded that it did not have jurisdiction over Debtor. (Id. at 9-10). The court ultimately dismissed the case on September 11, 2013. (Order, Doc. 1-3).

Eldorado argues that the bankruptcy court erred in finding that the automatic stay was not in effect. (Initial Br., Doc. 12). Eldorado further argues that the bankruptcy court erred in dismissing the case without notice, without waiting the required time, and without considering whether any factors warranted an extension of time to serve the Debtor. (Id.). Debtor did not file an answer brief but did file an opposition to stay proceedings in which she opposed any further delay in this case because she argues that the "entire bankruptcy petition is untrue and fraudulent." (Opp'n to Stay Proceedings, Doc. 23).

## II.  Automatic Stay

Eldorado first argues that the bankruptcy court erred by finding that an automatic stay was not in effect because the court had not yet entered an order for relief.

### A.  Standard of Review

In reviewing bankruptcy court decisions, legal conclusions and mixed questions of law and fact are reviewed de novo. Sundale, Ltd. v. Fla. Assocs. Capital Enters. (In re Sundale, Ltd.), 499 F. App'x 887, 889-90 (11th Cir. 2012); see also Lightner v. Lohn, 274 B.R. 545, 548-49 (M.D. Fla. 2002). A bankruptcy court's interpretation of statutory language is a conclusion of law. See Nordberg v. Arab Banking Corp. (In re Chase & Sanborn Corp.), 904 F.2d 588, 593 (11th Cir. 1990). Here, the bankruptcy court determined the applicability of an automatic stay pursuant to 11 U.S.C. § 362; this is a legal conclusion that is subject to de novo review.

3

### B.   Analysis

Eldorado argues that the filing of the involuntary petition for bankruptcy operated as an automatic stay of the foreclosure action and that the bankruptcy judge erred in concluding that under 11 U.S.C. § 362, an order granting relief was necessary to trigger the automatic stay.  Section 362 states that "a petition filed under section 301, 302, or 303 of this title . . . operates as a stay" of most litigation against the debtor in bankruptcy or involving property of the bankruptcy estate.  11 U.S.C. § 362(a).  This involuntary Chapter 7 case was filed under section 303, and thus the stay provisions of section 362 apply.  See 11 U.S.C. § 303; 11 U.S.C. § 362(n).

Other courts that have spoken on this issue have held that the filing of a petition under Section 303 operates as an automatic stay.  The Eleventh Circuit, in determining whether a conversion to a Chapter 7 case operates as a stay, stated in dicta that "[t]he filing of a petition under section . . . 303 operates as a stay under section 362."  British Aviation Ins. Co., Ltd. v. Menut (In re State Airlines, Inc.), 873 F.2d 264, 268 (11th Cir. 1989).  In doing so, the court expressly distinguished between the filing of a petition and an order for relief and "conclude[d] that section 362 means what it says.  The filing of a petition operates as an automatic stay."  Id. at 269.  Other courts have also stated that an involuntary Chapter 7 bankruptcy petition automatically operates as a stay under section 362.  See, e.g., Gilchrist v. Gen. Electric Capital Corp., 262 F.3d 295, 303 (4th Cir. 2001); Am. Nat'l Bank of Austin v. MortgageAmerica Corp. (In re MortgageAmerica Corp.), 714 F.2d 1266, 1273 (5th Cir. 1983); In re Pink Moon Enters., LLC, 444 B.R. 490, 491 (Bankr. S.D. Fla. 2011) ("[T]he filing of an involuntary petition under § 303 immediately imposes the automatic stay under § 362(a).").

4

Some courts have found, however, that the filing of an involuntary petition alone is not enough to trigger an automatic stay. See In re Acelor, 169 B.R. 764, 765 (Bankr. S.D. Fla. 1994); see also Chalmers v. Benson (In re Benson), 33 B.R. 572, 574 (Bankr. N.D. Ohio 1983).   These courts have reasoned that the automatic stay is effective only upon entry of an order for relief. Acelor, 169 B.R. at 765-66; Benson, 33 B.R. at 574.  A petition filed under sections 301 or 302 explicitly "constitutes an order for relief."  11 U.S.C. §§ 301 & 302.  A petition filed under section 303, however, does not.  11 U.S.C. § 303.  Courts finding that an automatic stay does not occur upon the filing of a petition under section 303 have reasoned that, after the section 303 petition is filed, "the debtor is free to operate debtor's business as if an involuntary case had not been commenced." Acelor, 169 B.R. at 765; see also 11 U.S.C. § 303.  For this reason, those courts found that "[i]t is not reasonable to assume that Congress intended that a Debtor be permitted to continue to carry on business and use and dispose of property while creditors stand on the other side of a shield created by the automatic stay." Acelor, 169 B.R. at 765.

The bankruptcy court in this case agreed with the reasoning of Acelor and held that an automatic stay was not in effect until an order for relief was entered.  (Doc. 1-2 at 2). Notwithstanding the practical considerations highlighted by the court in Acelor, however, the language of section 362 states that the filing of a petition under section 303 "operates as a stay."  Accordingly, a stay under section 362 was in effect upon the filing of the involuntary petition on May 9, 2013.[5]  The bankruptcy court erred in determining that a stay was not in effect.

---

[5] Whether the automatic stay would actually operate to stay the foreclosure of the Property was apparently not considered by the bankruptcy court, and, in any event, it has not been argued before this Court.

III.    **Dismissal**

The bankruptcy court dismissed the case "for lack of jurisdiction and lack of prosecution." (Doc. 8-1, at 10; see also Order, Doc. 1-3).  Eldorado argues that the bankruptcy court erred in dismissing the case without notice to the petitioner, without waiting for the required time limits to run, and without considering factors that warranted an extension. (Doc. 12 at 20).

A.    **Standard of Review**

A bankruptcy court's legal conclusions are reviewed de novo. Sundale, 499 F. App'x at 889.  Some courts suggest, however, that a bankruptcy court's dismissal should be reversed only for an abuse of discretion. Peterson v. Atlas Supply Corp. (In re Atlas Supply Corp.), 857 F.2d 1061, 1063 (5th Cir. 1988); see also In re O'Connor Int'l, Inc., Civil Action No. H-05-02245, 2006 WL 6569709, at *1 (S.D. Tex. Feb. 23, 2006).  Under either a de novo or an abuse of discretion standard, however, the outcome is the same.

B.    **Analysis**

There are different provisions for dismissal in bankruptcy cases, and it is unclear from the record under which provision the bankruptcy court dismissed this case.  Because this case is a Chapter 7 case, I assume that it was dismissed under section 707, which states that "[t]he court may dismiss a case under [Chapter 7] only after notice and a hearing and only for cause." 11 U.S.C. § 707(a).[6] The hearing must be noticed at least twenty-

---

[6] The result is the same under the other possible provisions governing dismissal, which also require notice and a hearing. See 11 U.S.C. § 305(a); Fed. R. Bankr. P. 1014(a)(2).  The bankruptcy court appears to have considered Federal Rule of Civil Procedure 4(m) in determining that the deadline for service had passed and thus that there was a failure to prosecute. (See Doc. 8-1 at 4-5).  If Rule 4(m) applies in this case, it also requires notice. Fed. R. Civ. P. 4(m).

one days in advance by mail to all creditors.  Fed. R. Bankr. P. 2002(a)(4).[7]

In this case, a notice of hearing was filed by counsel for Eldorado on September 4, 2013, and a hearing was held on September 5, 2013.  (Doc. 2-7 at 1).  The notice stated that the purpose of the hearing was to consider Eldorado's emergency motion regarding the court's determination that an automatic stay was not in place.  (Id.).  The bankruptcy court instead decided that the case should be dismissed.  In doing so, the bankruptcy court did not follow the requirements of notice and a hearing.[8]

## IV.  Conclusion

Because the bankruptcy court erred in determining the automatic stay was not in effect and in dismissing the case without notice, the orders of the bankruptcy court are hereby **REVERSED**, and this case is **REMANDED** to the bankruptcy court for further proceedings consistent with this Order.  After remanding the case, the Clerk shall close this file.

**DONE** and **ORDERED** in Orlando, Florida, on August 20, 2014.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

_____

[7] Twenty-one days' notice is required unless the dismissal is pursuant to section 707(a)(3) or 707(b).  Fed. R. Bankr. P. 2002(a)(4).  The record does not indicate that either of these provisions apply to this case.

[8] Eldorado also argues that the bankruptcy court erred in dismissing this case without waiting for the 120 days per Rule 4(m) to run and without considering whether any factors existed to warrant an extension of the time to serve Debtor.  (Doc. 12 at 20).  This Order does not address these arguments.